Gustavus A. Axelson v. Commissioner.
Axelson v. Commissioner
Docket No. 110140.
United States Tax Court
1943 Tax Ct. Memo LEXIS 176; 2 T.C.M. (CCH) 552; T.C.M. (RIA) 43367; July 29, 1943
*176 Ralph W. Smith, Esq., 808 Bank of America Bldg., Los Angeles, Calif., for the petitioner. T. M. Mather, Esq., for the respondent. TURNER Memorandum Opinion TURNER, Judge: The respondent determined deficiencies of $3,565.47 and $100.46 in the petitioner's gift tax for 1938 and 1939, respectively. The only issue presented is whether in determining the petitioner's total net gifts made in preceding years the respondent erred in determining that of certain gifts of corpus and income made in trust in 1935 the gifts of corpus were gifts of future interests and that no exclusions were allowable with respect thereto. The proceeding was submitted on the pleadings and certain documentary evidence, and there is no controversy as to the facts. [The Facts] The petitioner is a resident of Los Angeles, California, and filed his gift tax returns for 1938 and 1939 with the Collector of that city. On December 30, 1935, the petitioner created an irrevocable trust and transferred to it, by gift, certain real estate of a value of $16,000. The beneficiaries of the trust were petitioner's sisters, Hilda C. Dunn, Anna Hill and Emma E. McDowell, and G. P. Hill and Edgar E. McDowell, the husbands *177 of Anna Hill and Emma E. McDowell, respectively. The trust was to terminate upon the death of the survivor of Anna and G. P. Hill, or upon the expiration of five years from the date of the trust, whichever event first occurred. The trust instrument provided that during the lives of the beneficiaries the entire net income of the trust should be paid, share and share alike, to the beneficiaries. It was further provided that in event Anna Hill or G. P. Hill should be deceased at the time of any distribution of income, then the survivor should be paid two-fifths of the net income of the trust; that from and after the death of the survivor of Anna Hill and G. P. Hill, two-fifths of the net income of the trust should be paid to their issue, and in default of issue, to their heirs-at-law, excepting the petitioner, with the heirs of each taking one-fifth of the net income of the trust. The instrument contained similar provisions as to Emma E. and Edgar E. McDowell. It was also provided that in event Hilda C. Dunn should be deceased at the time of any distribution of income, then one-fifth of the net income of the trust should be paid to such person or persons as she had designated by will, *178 and in default of such designation, then to her heirs-at-law, excepting the petitioner. All payments of income were to cease upon termination of the trust. It was provided that upon termination of the trust the corpus should be distributed along the same lines and in the same proportions as the net income was to be distributed during the life of the trust. The instrument provided that during the life of the trust the beneficiaries should be without right or power to sell, transfer, pledge, alienate or anticipate their rights or interests in the trust and that said rights or interests should not be subject to the claims of their creditors. The trust continued until the expiration of five years from the date thereof and then terminated. In his gift tax return for 1935, the petitioner included the above-described gifts at a value of $16,000, claimed exclusions for the full amount thereof as being less than the total exclusions of $5,000 for each of the five donees, and showed no tax liability on the return. Thereafter and during 1938 and 1939, the petitioner made additional gifts and filed gift tax returns for each of said years. In the return for 1938 the petitioner reported $57,858.78 *179 as total net gifts for preceding years, and in the return for 1939 reported total net gifts for preceding years of $1,140.32. In determining the deficiencies for 1938 and 1939, the respondent, with respect to total net gifts made in preceding years, determined that of the gifts under the trust instrument of December 30, 1935, the gifts of income of a total value of $2,849.16 were gifts of present interests, that the gifts of corpus of a value of $13,150.84 were gifts of future interests, and that the only amount allowable as exclusions on account of the gifts made by the instrument was $2,849.16, representing the gifts of income. Accordingly, he increased the amounts reported in the 1938 and 1939 returns as total net gifts for preceding years by the amount of $13,150.84, representing the value of the gifts of corpus made by the trust instrument of December 30, 1935. [Opinion] The petitioner contends that the respondent erred in determining that the gifts of corpus were gifts of future interests and in denying exclusions of $13,150.84 with respect thereto. The applicable statute is section 504(b) of the Revenue Act of 1932, and that section provides that the first $5,000 of *180 gifts, other than of future interests in property, should not be included in the total amount of gifts made during the calendar year in computing gift tax. The term "future interests" as used in that section has been held to mean any interest or estate, whether vested or contingent, which is limited to commence in possession or enjoyment at a future date. ; ; affd., . Concededly the beneficiaries of the trust created by petitioner in 1935 were presently in the possession or enjoyment of the income of the trust from the time of its creation, but they were not entitled to possession or enjoyment of the corpus unless they lived until the termination of the trust, as provided by the instrument. Until the termination of the trust, it was not possible to determine who was entitled to receive the corpus of the trust. During the life of the trust the beneficiaries could not alienate the rights or interests they had therein, nor were such rights or interests made subject to the claims of their creditors. Where a donor *181 transfers property in trust with directions that the income therefrom is to be paid to a named beneficiary for life or for a stated number of years, whichever is shorter, and that if the beneficiary be living at the end of the stated number of years the trust is to terminate and the corpus is to be distributed to the beneficiary, the gift of corpus is one of a future interest. , affirming ; ; reversed on another point, . In the former case the court said that the mere fact that the distribution of corpus is postponed is enough to make the gifts of corpus gifts of future interests. In support of its contention, the petitioner relies on the decision in , decided in 1937, and others stemming therefrom. In , decided in 1942, the Circuit Court of Appeals which decided the $2Wells case had occasion to reconsider its opinion therein. *182 It pointed out that the Wells case was decided on the theory that complete divestiture by the donor of all interest in the property resulted in investiture of such interest in the trust and that the result was a present interest in the property and not a future interest. It further pointed out that under the rule in , decided in 1941, the interest of the beneficiary in the trust estate or its income is the determining factor as to whether a gift involves a present. or a future interest in property for gift tax purposes, and concluded that the decision in the Wells case was in error. In view of the foregoing, we are of the opinion that the respondent correctly determined that the gifts of corpus involved herein were gifts of future interests and that no exclusions were allowable with respect thereto. Decision will be entered for the respondent.